**David C. CUPP, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13172.**

Court of Criminal Appeals of Oklahoma.

July 18, 1962.

Gene Stipe, Richard L. Gossett, Frank D. McSherry, McAlester, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the County Court of Pittsburg County wherein plaintiff in error, David C. Cupp, defendant below, was convicted of the offense of driving while under the influence of intoxicants. From the judgment and sentence fixing his punishment at imprisonment in the county jail for a term of six months and assessing a fine of $500, the defendant has perfected a timely appeal to this Court.

Under the authority of Duckworth v. State, Okl.Cr., 309 P.2d 1103, and Engler v. State, Okl.Cr., 316 P.2d 625, we are of the opinion that this case must be reversed and remanded for a new trial. In the cases above cited, this court stated:

> "Permitting evidence in chief, over objection of the defendant, of his refusal to take 'Sobriety Test' is prejudicial error and is reversible upon review."

In the case at bar it appears that the county attorney in his opening statement to the jury referred to the request of the defendant to take the sobriety test and his subsequent refusal to submit to the same when it was offered over the objection of

the defendant's counsel. The state further compounded the error by introducing into evidence the testimony of Officers Pete Foneris and Leo Sharp. This testimony was objected to by defendant and exceptions properly taken to its admission.

Defendant in his direct testimony did not refer to a request for or refusal to take an intoximeter test.

Herein lies the distinction between the case at bar and Barnhart v. State, Okl.Cr., 302 P.2d 793, relied upon by the attorney general to sustain the conviction. In the Barnhart case, defendant testified on direct examination in response to a question propounded by his attorney about his refusal to submit to the sobriety test. The court affirmed the conviction therein stating:

"On the foregoing pertinent parts of the record, the defendant contends that the testimony in regard to his refusal to take the intoximeter test was a violation of his constitutional right to remain silent and against self incrimination. This contention, as an abstraction, has considerable merit and we shall pass upon the matter when it is properly presented. But, irrespective of the merit to the contention, as an abstract proposition, that question, herein, has not been properly preserved and the proper predicate does not exist for passing on the matter at this time. In fact, the privilege against self incrimination in the case at bar has been waived.

"We are of the opinion that the procedure in the record as made by the state creates no infringement of the defendant's constitutional right against self incrimination. He had refused to take the test as was his right so to do. He had the right under the law to stand on that refusal. Toms v. State, 95 Okl.Cr. 60, 239 P.2d 812. But, when he took the stand in his own behalf and opened up the matter of the kind of tests to which he may have been subjected, he thereby waived the privilege and all other relevant facts became pertinent and were admissible either on cross examination or on rebuttal."

For the reasons expressed in Engler v. State, Duckworth v. State and Toms v. State, supra, this case is reversed and remanded for a new trial consistent with this opinion.

NIX, P. J., and BRETT, J., concur.